UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FREDERICK L. SMITH ET AL.**                          **CIVIL ACTION**

**VERSUS**                                             **NO. 14-1011**

**DIAMOND SERVICES CORPORATION ET AL.**                **SECTION "H"**

### ORDER AND REASONS

Before the Court is Defendant Diamond Service's Motion for Partial Summary Judgment on Maintenance and Cure (R. Doc. 33). For the following reasons, the Motion is GRANTED.

### BACKGROUND

This is a maritime personal injury suit. Plaintiff, Frederick Smith, was a deckhand employed by Defendant Diamond Services Corporation ("Diamond Services") aboard the M/V MR. STEPHEN. On May 3, 2013, Plaintiff was instructed to hold the tag line on a personnel basket transferring personnel from the M/V MR. STEPHEN to a rig owned by Defendant McDermott, Inc. during a

1

rain storm. Plaintiff alleges that, without warning, the crane operator jerked the basket up, and Plaintiff was slung across the deck sustaining injuries to his neck, back, and extremities. Subsequent to the accident, Plaintiff underwent a cervical disc replacement surgery and is scheduled for a cervical fusion. Plaintiff asserts claims for Jones Act negligence, unseaworthiness, and maintenance and cure. Kimberly Smith, Plaintiff's wife, claims loss of consortium damages.

In this Motion, Defendant Diamond Services moves this Court for summary judgment on Plaintiff's maintenance and cure claim pursuant to *McCorpen v. Gulf Central S.S. Corp.*[1] Defendant alleges that when Plaintiff was hired—just fifteen days before the incident at issue here—he completed a pre-employment questionnaire and a United States Coast Guard Merchant Mariner Credential Medical Evaluation Report. Both forms inquired into past back or neck injuries, and Plaintiff indicated that he had not had any prior back or neck injury or pain. Defendant alleges that this representation was inaccurate and that Plaintiff previously filed two lawsuits in which he alleged to have sustained neck and back injuries in automobile accidents. Pursuant to the *McCorpen* doctrine, Defendant alleges that the concealment of these prior injuries should bar Plaintiff's maintenance and cure recovery.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show

---

[1] *McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7]  "We do not . . . in the absence of any proof, assume

---

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

3

that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Defendant contends that Plaintiff is not entitled to maintenance and cure for the back and neck injuries alleged in this matter because he failed to disclose prior back and neck injuries caused by two separate, preceding car accidents. Plaintiff does not dispute the occurrence of these accidents or the injuries sustained therein. The first accident, which occurred on January 5, 2007, resulted in an injury to Plaintiff's back and left hip. He was diagnosed with a muscoligamentous strain and treated with narcotics, muscle relaxers, and physical therapy. Plaintiff attended physical therapy through the end of February of that year. Plaintiff filed suit for the injuries caused by the accident and received a monetary settlement.

The second accident, which occurred on October 19, 2012, resulted in complaints of knee, hip, and neck pain. Plaintiff visited the doctor twice for his injuries and was prescribed anti-inflammatories, muscle relaxers, and narcotics. Plaintiff subsequently filed a lawsuit in which he alleged that he was "thrown around violently in the automobile, unexpectedly and with great force, causing [Plaintiff] injuries to his neck, back and shoulders, and causing him physical

---

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

pain and discomfort." Defendants allege that pursuant to the *McCorpen* doctrine, Plaintiff's failure to disclose these prior injuries bars his recovery for maintenance and cure.

To prevail on the *McCorpen* defense, "an employer must show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."[10] This Court will address each element in turn.

**(1) Intentional Concealment**

In order to satisfy the "intentional concealment" prong of the inquiry, the Court need not make a finding of subjective intent.[11] Rather, "[f]ailure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information therefore satisfies the 'intentional concealment' requirement."[12] It is undisputed that Plaintiff was twice asked whether he had experienced prior back/neck pain or injury before he was hired by Defendant, and he failed to mention the aforementioned injuries. Accordingly, this Court finds that Defendant has met the required showing of intentional concealment.

**(2) Materiality**

To meet the second prong of the *McCorpen* defense, materiality, the Fifth Circuit has stated that "[t]he fact that an employer asks a specific medical

---

[10] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005).

[11] *Id.* at 174.

[12] *Id.*

question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis."[13] It is undisputed that Defendant asked Plaintiff about his prior neck and back injuries prior to hiring him, and those injuries would certainly be relevant to his ability to perform the duties of a deckhand.

"However, if an employee can show that, even if undisclosed facts were material, he or she would have been hired regardless, the employer is not entitled to the *McCorpen* defense to evade its maintenance and cure obligation."[14] "A triable issue of fact exists when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries."[15] Plaintiff makes two points to further its argument that Plaintiff's prior injuries would not have changed Defendant's decision to hire him.

First, Plaintiff argues that his injury was minor because it only required two doctor visits and incurred $800 in medical bills and therefore would not have prevented him from working as a deckhand. In support of this argument, Plaintiff cites this Court's opinion in *Bosarge v. Cheramie Marine*, where this Court held that a material issue of fact existed as to whether the plaintiff's prior back injury was material to the defendant's decision to hire. The plaintiff in

---

[13] *Id.* at 175; *Hare v. Graham Gulf, Inc.*, 22 F. Supp. 3d 648, 654 (E.D. La. 2014) ("The fact that the questions were asked makes the answers material for McCorpen purposes.").

[14] *Hare*, 22 F. Supp. 3d at 654 (citing *McCorpen*, 396 F.2d at 551–52); *see Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006).

[15] *Hare*, 22 F. Supp. 3d at 654.

*Bosarge* had suffered a minor injury to his back three years prior, requiring only one visit to a doctor, and had subsequently been cleared for full-work duty by a previous employer. *Bosarge* is clearly distinguishable from this situation. Here, Plaintiff's injury occurred a mere six months before he sought employment with Defendant and was apparently significant enough to warrant the pursuit of litigation.

Second, Plaintiff argues that the fact that Defendant allowed Plaintiff to work on the vessel for a week following the injury at issue here is proof that Defendant would have hired him even if it knew about his prior injuries. Plaintiff contends that this is evidence that "the employer did not care about the neck condition before or after the injury."[16] Plaintiff's argument is undercut by the fact that Defendant's doctor released Plaintiff to full-work duty after evaluating him on the day of the incident aboard the M/V MR. STEPHEN.[17] Defendant presumably relied on its doctor's recommendation in allowing Plaintiff to continue working for a week after the accident. Even so, evidence of what Defendant did after the accident is not evidence of whether knowledge of Plaintiff's prior injuries would have affected its hiring decision. The doctor who performed Plaintiff's pre-employment evaluation stated in a sworn affidavit that if he had known about Plaintiff's prior injuries, he would have, "at a minimum, . . . insisted on further evaluation of [Plaintiff's] neck and back and documentation of all treatment provided in connection with" his prior automobile accidents. Plaintiff has not submitted any evidence to negate this fact.

---

[16] R. Doc. 34, p. 7.

[17] R. Doc. 38-1, p. 2.

It is clear to this Court that at the very least Plaintiff's injuries—one of which occurred a mere six months prior to his employment with Defendant—are information that would have been material to Defendant's decision to hire Plaintiff. Disclosure of Plaintiff's injuries "would have either prevented his employment, or at least delayed it, preventing his having been present on the [vessel] at the time of the accident."[18] Accordingly, this Court holds that Defendant has satisfied the second prong of the *McCorpen* analysis.

### (3) Connection Between Injuries

Finally, Defendant must show a connection between the withheld injuries and the injuries complained of here. "To establish this connection, it is sufficient to show that the previous injury and the new injury occurred in the same location on the body."[19]

Plaintiff first argues that the back injuries in his first automobile accident are unrelated to the injuries suffered here. Despite the allegations in Plaintiff's Complaint that he suffered from injuries to his neck and back, he now alleges that he suffers only from cervical ruptured discs and "that the back issue is moot."[20] Plaintiff's waiver of back injury, however, does not end the Court's analysis.

Plaintiff does not contest the connection between the neck injury caused by the second car accident and the neck injury complained of herein. Indeed, he admits that the neck injury caused by the second accident "should have been

---

[18] *Jauch*, 470 F.3d at 212–13.

[19] *Hare*, 22 F. Supp. 3d at 654.

[20] R. Doc. 34, p. 3.

listed" on Plaintiff's pre-employment questionnaire.[21] Accordingly, this Court holds that the third *McCorpen* prong is satisfied by the neck injuries caused by the second car accident.

In light of Defendant's satisfaction of all of the elements of the *McCorpen* defense and Plaintiff's failure to convince this Court that his prior neck injury was immaterial, this Court holds that Defendant is entitled to the *McCorpen* defense and Plaintiff is barred from recovery of maintenance and cure.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED. Plaintiff's claim for maintenance and cure and for damages resulting from a back injury are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of September, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. 34, p. 3.

9